# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04071-SVW-KS | Date | July 2, 2019 |
| Title | *Jesse Meoli v. BMW of North America, LLC et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]

## I. Introduction

On March 8, 2019, Plaintiff Jesse Meoli filed the instant suit against Defendant BMW of North America, LLC and on March 19, 2019, Plaintiff served Defendant the Complaint by personal service. Dkt. 10 at 1-2. On May 9, 2019, Defendant filed its Notice of Removal. Dkt. 1. The alleged basis for removal was diversity of citizenship. *Id.* at 3. Plaintiff now moves to remand the action to state court on the ground that Defendant did not timely file its Notice of Removal under 28 U.S.C. § 1446. Dkt. 10 at 2.

## II. Legal Standards

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04071-SVW-KS | Date | July 2, 2019 |
|---|---|---|---|

| Title | *Jesse Meoli v. BMW of North America, LLC et al.* |
|---|---|

If a plaintiff elects to file an action in state court, the defendant generally has the option of removing the case from state court to federal court under the general removal statute as long as the federal court has original subject-matter jurisdiction. 28 U.S.C. § 1441(a). There are, however, procedures for proper removal. For example, the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

The Ninth Circuit has held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Although "defendants need not make extrapolations or engage in guesswork . . . [Section 1446(b)] 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC,* 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 206 (2d Cir. 2001)). "Multiplying figures clearly stated in a complaint is an aspect of that duty." *Id.*

If "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If a party moves to remand a case to state court on the ground of improper removal procedure, it must do so within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

### III. Analysis

As an initial matter, Defendant contends that the thirty-day removal period started on April 15, 2019 and not on March 19, 2019. Dkt. 12 at 3-5. Defendant argues that although it was served with the Complaint on March 19, 2019, counsel for Defendant did not receive the Complaint until April 15, 2019, making April 15 the soonest Defendant could have been placed on notice of the matter's removability. *Id.* Under this theory, since May 9 (the date of removal) is within thirty days of April 15, Defendant timely removed the action. *Id.* This argument is incorrect. 28 U.S.C. § 1446(b)(1) clearly states that the thirty-day removal period begins upon receipt by a defendant, through service or otherwise, of a complaint—and not upon receipt by the defendant's counsel. Defendant offers no authority to the contrary.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04071-SVW-KS | Date | July 2, 2019 |
|---|---|---|---|

| Title | *Jesse Meoli v. BMW of North America, LLC et al.* |
|---|---|

  Defendant further contends that the thirty-day period for removal could not have begun on March 19, 2019 because Plaintiff's Complaint does not provide enough information to alert Defendant of the removability of the case. Dkt. 12 at 3-5. Defendant argues that Plaintiff must have also provided the subject vehicle's Sales/Lease Agreement in order for it to determine that the matter in controversy exceeds the $75,000 amount in controversy required for diversity jurisdiction. *Id.* Although Defendant allegedly immediately attempted to obtain the Sales/Lease Agreement from the dealer who sold the subject vehicle to Plaintiff, Valencia BMW, the dealer refused to provide the documents informally. *Id* at 4. Defendant also alleges that Plaintiff's motion to quash the subpoena of Valencia BMW further prevented Defendant from obtaining the Sales/Lease Agreement. *Id.* Thus, Defendant's counsel researched the MSRP of the subject vehicle on May 6, 2019, which it discovered to be $63,095. *Id.* Defendant argues that by multiplying the MSRP by three in order to calculate civil penalties, Defendant for the first time had knowledge that the matter in controversy exceeded $75,000 and that the case could be removed. *Id.* Defendant thus concludes it timely removed within thirty days of ascertaining that the case was removable. *Id* at 5.

  This argument fails because the Complaint contains sufficient information to have placed Defendant on notice of removability. First, the Complaint specified the unique Vehicle Identification Number ("VIN") assigned to the subject vehicle as well as the subject vehicle's model. *See* Dkt. 1-2. Defendant could easily use the VIN or model information to obtain the value of the subject vehicle. It strains credulity to argue that Defendant's research on May 6, 2019 gave it new information that allowed it to ascertain that this case is removable, given that the VIN and model information were already in Defendant's possession. A simple search of a VIN or model information already known to Defendant is merely acting in accord with the "reasonable amount of intelligence" standard. *Kuxhausen*, 707 F.3d at 1140 (quoting *Whitaker,* 261 F.3d at 206). Second, the Complaint also specifically stated that the total consideration for the vehicle was approximately $60,000. Dkt 1-2 ¶ 6. $60,000, when multiplied by three for the purpose of calculating civil penalties, exceeds the $75,000 requirement for diversity jurisdiction. The additional $3,095 discovered by Defendant's research does not affect the result. Since multiplying figures clearly stated in a complaint to ascertain the amount in controversy is a duty required by the "reasonable amount of intelligence" standard, Defendant had notice of removability under Section 1446(b) when served with the Complaint on March 19, 2019. *Kuxhausen*, 707 F.3d at 1140 (quoting *Whitaker,* 261 F.3d at 206). Defendant did not file its Notice of Removal until May 9, 2019. Therefore, Defendant's removal took place after the thirty-day removal period expired and was untimely.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04071-SVW-KS | Date | July 2, 2019 |
|---|---|---|---|
| Title | *Jesse Meoli v. BMW of North America, LLC et al.* | | |

### IV. Conclusion

For the reasons discussed above, Defendant's removal was untimely and the Court GRANTS Plaintiff's motion to remand. Dkt. 10.

IT IS SO ORDERED.

:

Initials of Preparer         PMC